UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **ANYTIME FITNESS L L C** | **CASE NO.  3:22-CV-02074** |
| **APPELLANT** | **ON APPEAL FROM NO. 3:22 BK 30301** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **THORNHILL BROTHERS FITNESS LLC ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |
| **DEBTOR-APPELLEE** | |

**REASONS FOR DECISION**

Pending here is an Appeal from the Bankruptcy Court filed by Anytime Fitness, LLC ("Anytime" or "Appellant") [Doc. No. 1].  Anytime seeks relief from the Memorandum Ruling and Order entered on July 8, 2022 [Doc. Nos. 1-1, 1-2] by the United States Bankruptcy Court for the Western District of Louisiana.

Appellee, Thornhill Brothers Fitness, LLC ("Thornhill") opposes the appeal [Doc. No. 23].  A Reply [Doc. No. 26] was filed by Anytime on October 19, 2022.

For the reasons set forth herein, the Appeal by Anytime is **DENIED** and the Bankruptcy Court's Order is **AFFIRMED**.

**I.     BACKGROUND**

As a result of a personal injury suit filed in state court[1] by William and Billie Flynn ("Flynns"), Thornhill filed a Chapter 11 bankruptcy proceeding on March 16, 2022.  William Flynn had allegedly received personal injuries as a result of an accident that occurred while using an inversion machine at a facility owned by Thornhill, resulting in over $600,000.00 of medical

---

[1] Case No. 45828 18th Judicial District Court, Parish of West Baton Rouge, Louisiana

expenses.[2] Anytime was also made a defendant in the state proceeding but was dismissed with prejudice on March 9, 2022, pursuant to a motion for summary judgment.[3]

The Chapter 11 bankruptcy filing by Thornhill was prior to a jury trial in the personal injury case, which was scheduled to begin March 21, 2022. The Flynns were listed as creditors in the bankruptcy proceeding. The Flynns' claim was described as a personal injury claim that exceeded Thornhill's $1 million insurance limit.

Thornhill's bankruptcy proceeding resulted in a flurry of activity. On March 17, 2022, just four days before the jury trial was set to begin the Flynns filed an Emergency Motion for Relief from Automatic Stay.[4] In the motion, the Flynns sought relief from the automatic stay to permit the jury trial to proceed on March 21, 2022. Ultimately, on March 18, 2022, an agreement was reached by the Flynns, Thornhill and Thornhill's liability insurance carrier, Markel Insurance Company ("Markel"), to resolve the Flynn's claim against Thornhill and Markel.

Judge Hodge signed an agreed upon (between the Flynns, Thornhill, and Markel) Order,[5] which lifted the stay to allow the Flynns, Thornhill, and Markel to enter into a stipulation. On Monday, March 21, 2022, the day the jury trial was scheduled to begin, attorneys for the Flynns, Thornhill, and Markel appeared before the State Court Judge with a Stipulation, which resulted in a resolution of the case against Markel and a partial resolution against Thornhill.

Pertinent provisions of the Stipulation for this Appeal were:

(1) Markel would pay the Flynns their policy limits of $1,000,000.00, judicial interest of $94,358.59, and costs of $48,824.00, for a total of $1,143,182.59;

---

[2] [Doc. 2-43 p. 10; Doc. No. 2-36, pp. 2-6]
[3] [Doc. No. 2-4, p.3]
[4] [Doc. No. 1-1, p. 3, ¶3]
[5] [Doc. No. 2-1, p.251]

(2) Thornhill assigned to the Flynns all rights Thornhill has against Anytime, including, but not limited to rights of contribution and indemnification under any theory of recovery allowed by law;

(3) Thornhill is to void any and all agreements with Anytime, except to sell the franchise to a potential purchaser;

(4) Thornhill would remain a nominally named defendant in the state lawsuit but would have no personal liability;

(5) Markel was fully released;

(6) Thornhill confessed Judgment in the amount of $7,000,000.00, exclusive of interest and costs; and

(7) The Flynns reserved their rights to pursue claims against any other persons, including Anytime and its insurers.[6]

On March 25, 2022, Judge Hodge entered the Amended Agreed Order Lifting the Automatic Stay,[7] which attached unsigned versions of the Stipulation. On April 1, 2022, Anytime, who had not received notice of the Stipulation, filed a Motion and Incorporated Memorandum for Reconsideration, Rehearing and/or New Trial[8] requesting that the court set aside the previous Order. A hearing was held on Anytime's Motion on April 20, 2022, and Judge Hodge vacated the previous order on the ground that Anytime had not received notice.[9] The Court did not, however, find fraud, one of the grounds alleged by Anytime.

---

[6] [Doc. No. 2-44, pp. 52-54]
[7] [Doc. No. 2-3, pp.4-24]
[8] [Doc. No. 2-4, pp. 1-44]
[9] [ Doc. No. 4, 4/20/2022 Hearing Transcript]

As a result of Judge Hodge vacating the previous order, Thornhill filed an Application to Approve Compromise and to Annul the Stay.[10] Anytime filed a Motion to Void the State Court Actions, asking for the court to prohibit the Stipulation from being approved. A hearing was had on both motions before Judge Hodge on May 19, 2022.[11] On July 8, 2022, Judge Hodge filed a Memorandum Ruling and Order,[12] which granted Thornhill's motions and denied Anytime's motion.

A Notice of Appeal[13] was filed by Anytime on July 12, 2022. An Appellant's Brief[14] was filed by on September 6, 2022. An Appellee's Brief[15] was filed on October 14, 2022, and Appellant's Reply[16] was filed on October 19, 2022.

## II.   LAW AND ANALYSIS

### A.   Standard of Review

The standard of review applicable to bankruptcy appeals in a district court is the same as the standard applied by a Court of Appeals to a district court proceeding. *AT&T Univ. Card Servs. v. Mercer (In re Mercer),* 246 F.3d 391, 402 (5th Cir. 2001). Under those standards, "the bankruptcy court's factual findings are reviewed for clear error; its legal conclusions and findings on mixed questions of fact and law are reviewed *de novo*." *Id.*

### B.   Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157 as a core proceeding under the Bankruptcy Code. This is an appeal from a final order under 28 U.S.C. § 158(a)(1) of the United States Bankruptcy Court for the Western District of

---

[10] [Doc. No. 2-9, pp. 6-28] - [Doc. # 51 in Case No. 22-BK-30301]
[11] [Doc. No. 5 (Official Transcript)]
[12] [Doc. No. 2-44, pp. 45-72]
[13] [Doc. No. 1]
[14] [Doc. No. 17]
[15] [Doc. No. 23]
[16] [Doc. No. 26]

Louisiana, entered on July 8, 2022. A Notice of Appeal was timely filed pursuant to FED. R. BANKR. P. 8001.

### C. Issues for Review

Anytime makes two basic arguments on appeal:

(1) Whether the Bankruptcy Court erred in approving the settlement between Thornhill and the Flynns.

(2) Whether the Bankruptcy Court erred in denying Anytime's Motion to Void State Court Actions.

### D. Analysis

On May 19, 2022, Judge Hodge held a hearing on Thornhill's Application to Approve Compromise and Annulment of Automatic Stay and Anytime's Motion to Avoid State Court Actions. Judge Hodge's rulings in favor of Thornhill and against Anytime are the subject of this appeal. Present at the hearing were attorneys representing Thornhill, Anytime, the Flynns, and Chapter 11 Bankruptcy Trustee Rocky Willson. Thornhill admitted twenty-six (26) exhibits, while Anytime admitted eleven (11) exhibits.

Robert Marionneaux, Jr. ("Marionneaux") was the only witness called at the hearing. Marionneaux is a Baton Rouge attorney who was representing the Flynns in their state court proceeding against Thornhill, Markel, and Anytime. Marionneaux first presented Thornhill Exh. No. 18, which was a 75-slide power point presentation he intended to present at the state court trial. Marionneaux discussed the witnesses he intended to call at trial, the witnesses Thornhill intended to call at trial, the facts of the accident, injuries, and damages.

Marionneaux testified that Flynn had a five-level cervical fusion procedure that was performed on his neck as a result of a fracture to his cervical spine. Flynn was initially a

quadriplegic, but through medical treatment and rehabilitation, he was able to begin walking with a cane. Flynn was hospitalized for seven months at Touri Hospital and later for four months at Baton Rouge Rehabilitation Hospital. He showed photographs of Flynn and testified that Flynn's medical expenses totaled $609,177.82.

Although Thornhill maintained an intervening event occurred three days after the accident, Marionneaux provided medical evidence in which he would attempt to show there was no intervening accident.

Marionneaux was questioned about the reason for the $7,000,000.00 amount for the Consent Judgment. He believed the case was worth a high of $16,000,000.00 and a low of $3,000,000.00. The $7,000,000.00 figure was approximately half of the amount he thought the case was worth.

Motions for summary judgment filed by Thornhill were denied, and Anytime's motion for summary judgment was granted. The Flynns and Thornhill were involved in negotiations in an attempt to resolve the case prior to the bankruptcy proceeding being filed.

### E. Approval of Compromise

Anytime argues the Bankruptcy Court erred in approving the compromise because the compromise was obtained by fraud and collusion, the settlement unfairly prejudiced Anytime, the assignment of contract right violated the Bankruptcy Code, and that the best interest factors were not met.

Courts are empowered to approve a compromise under FED. R. BANKR. P. 9019(a) if the trustee or debtor in possession meets its burden to show that the compromise is "fair and equitable and in the best interest of the estate." *In re Jackson Brewing Co.,* 624 F.2d 599, 602 (5th Cir. 1980). When analyzing whether to approve a settlement under Rule 9019, courts in the

United States Court of Appeals for the Fifth Circuit follow the three-part test set out in *Jackson Brewing Company*, which requires the court to consider: (1) the probability of success in the litigation, with due consideration for the uncertainty of fact and law; (2) the complexity and likely duration of the litigation and any attended expenses, inconvenience and delay; and (3) other factors bearing on the wisdom of the compromise.

Although the third factor operates as a "catch-all," the Fifth Circuit has specified that this factor contains two additional considerations. First, a court should consider the interests of creditors, "with proper deference to their reasonable views." Second, the court should consider "the extent to which the settlement is truly the product of arms-length bargaining and not of fraud or collusion." *Cadle Co. v. Mims, (In re Moore)*, 608 F.3d 253, 263 (5th Cir. 2010). Evaluating a Rule 9019 settlement does not require a bankruptcy court to "conduct a mini-trial to determine the probable outcome of any claims waived in the settlement," but rather, the court must apprise itself to the relevant facts and law so that it can make an informed and intelligent decision. *In re Age Refining, Inc.*, 801 F.3d 530, 541 (5th Cir. 2015).

The trustee or debtor in possession bears the burden of establishing that the balance of the *Jackson Brewing* factors supports a finding that the compromise is fair, equitable, and in the best interests of the estate. The burden is not a high one, and the debtor in possession need only show that its decision falls within the range of reasonable litigation alternatives. *In re Express Grain Terminals, LLC*, 2022 WL 1311533 at 15 (Bankr. N.D. Miss. May 2, 2022).

The Bankruptcy Court addressed all of the *Jackson Brewing* factors appropriately. It found Thornhill was facing an excess judgment potentially exceeding Markel's $1,000,000.00 policy. Flynn injured his neck while using an inversion machine. Flynn incurred over $600,000.00 in medical expenses and spent months in various hospitals. Flynn sustained a

7

cervical fracture, which resulted in several surgeries. The Bankruptcy Court found Thornhill's chances of success in the state court litigation as "bleak at best."

The Court also found that if permitted to proceed, the state court action would result in costly and significant delays, which would likely deplete the assets of the estate.

The third factor (which requires the Court to evaluate the interest of the creditors and whether the compromise was an arms-length transaction) is the factor most contested by Anytime. Anytime argues the compromise was a result of fraud and unduly prejudiced Anytime's rights. The Court treated Anytime as a creditor in the evaluation.

Anytime argued the proposed settlement unduly prejudiced its interests because Thornhill entered into a consent judgment of $7,000,000.00 and assigned all legal rights Thornhill had against Anytime. Judge Hodge found, and this Court agrees, that there has been no prejudice shown to Anytime. Anytime had been dismissed from the suit with prejudice[17] pursuant to Anytime's Motion for Summary Judgment. There is no way a consent judgment against Thornhill will prejudice Anytime, as it is no longer a party to the lawsuit. There was no judgment against Anytime in the Stipulation.

Anytime's appeal is replete with references to fraud conducted by the Flynns and Thornhill against it. However, Judge Hodge did not find any fraud. Although the original order approving the settlement was vacated, it was because the fourteen-day stay in FED. R. BANKR. P. Article 4001(a)(1) had not been waived, not due to fraud. This decision is supported by the record.[18] At the time of the Stipulation, Anytime was not even a party to the lawsuit. And, as stated above, there is no evidence that the settlement actually prejudiced Anytime.

---

[17] The Dismissal by Anytime is being appealed.
[18] [Doc. No. 4, (April 20, 2022, Transcript Hearing)]

Further, Judge Hodge found there was no violation of the provisions of Section 365 of the Bankruptcy Code (which governs the rejection of executory contracts) because the parties were unable to identify any contract, much less an executory contract, that would be affected by the settlement.

The settlement was found to be in the best interests of the estate, and there is sufficient evidence to support that finding. Without the settlement, Thornhill was likely facing an excess judgment and a great deal of litigation.

Lastly, Anytime argues Judge Hodge improperly relied on affidavits that were hearsay. There is nothing to show Judge Hodge relied on those exhibits. Even if he did, all of the exhibits were admitted without objection.

This Court finds the Bankruptcy Court did not err in approving the compromise.

### F. Annulment of Automatic Stay

Anytime maintains the Bankruptcy Court erred in retroactively annulling the automatic stay to allow the compromise. As previously discussed, the order lifting the stay was vacated because, under FED. R. BANKR. P. Rule 4001(a)(1), an order granting relief from an automatic stay is stayed for fourteen days after the entry of the order, unless waived

The Bankruptcy Court has the power to retroactively annul the automatic stay and did not err in doing so. Actions taken in violation of the automatic stay are not void, but voidable. *Picco v. Global Marine Drilling Co.,* 900 F.2d 846, 850 (5th Cir. 1990). The power to annul authorizes retroactive relief even unto the date of the filing of the petition giving rise to the automatic stay. *Sikes v. Global Marine, Inc.,* 881 F.2d 176, 178 (5th Cir. 1989).

Title 11 U.S.C. § 362(d)(1) allows courts to retroactively annul the automatic stay where there exists "cause" to do so. The words "for cause" is not precisely defined and provides

9

"flexibility to the bankruptcy courts." *In re Mirant Corp.*, 440 F.3d 238, 254 (5th Cir. 2006). Whether such cause exists is a fact-intensive inquiry that must be determined on a case-by-case basis. *In re Reitnauer,* 152 F.3d 341, 343, n.4 (5th Cir. 1998).

Although annulment of the stay should only be granted in exceptional circumstances, courts have "broad discretion" to grant an annulment of an automatic stay. *Pentecost v. Louisiana Safety Ass'n of Timbermen*, 626 B.R. 879, 886 (W.D. La. 2021).

Judge Hodge weighed the applicable factors of *In re Thornburg*, 277 B.R. 719, 731 (Bankr. E.D. Tex. 2002) in finding cause to retroactively lift the stay. The bankruptcy court found Thornhill acted in good faith, that the property (inchoate rights assigned) are rights not necessary for Thornhill's reorganization, that the failure to grant retroactive relief would cause unnecessary expense to Thornhill, and that the grounds for relief existed and would have been granted and that creditor (the Flynns) had detrimentally changed its position in agreeing to cancel a jury trial to obtain the settlement.

The Court sees no reason to disturb Judge Hodge's sound reasoning. The bankruptcy court did not err in retroactive application of the automatic stay.

### G. Motion to Void State Court Actions

Anytime filed a motion seeking to void all actions taken in state court after the commencement of the bankruptcy case. Because this Court has found no error in the Bankruptcy Court's approval of the compromise and retroactive lifting of the automatic stay, the bankruptcy court did not err in denying Anytime's Motion to Void State Court Action.

### III. CONCLUSION

For the reasons set forth herein, this Court finds no error in the Bankruptcy Court's Order. Accordingly, the Appeal filed by Anytime is **DENIED,** and the Bankruptcy Court's Order is **AFFIRMED**.

MONROE, LOUISIANA, this 7th day of November 2022.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**